UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Sacks, Christopher Jensen, Brent Cary, Benjamin Cole, Kelly Gee, Frank Pietrangelo, John Doe A, and Jeffrey Walker,<br><br>Plaintiffs,<br><br>v.<br><br>University of Minnesota, The Board of Regents of the University of Minnesota, Thomas Adrahtas, USA Hockey, Inc., and Amateur Hockey Association Illinois, Inc.,<br><br>Defendants. | Case No. 21-cv-01215 (ECT/JFD)<br><br>**DEFENDANT REGENTS OF THE UNIVERSITY OF MINNESOTA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND STRIKE THE CURRENT BRIEFING SCHEDULE** |

On November 12, 2021—the eve of their deadline for responding to the motions of each defendant to dismiss Plaintiffs' First Amended Complaint—Plaintiffs Michael Sacks, Christopher Jensen, Brent Cary, Benjamin Cole, Kelly Gee, Frank Pietrangelo, John Doe A, and Jeffrey Walker attempted to file a motion to amend their pleading and to strike the agreed briefing schedule governing the pending motions to dismiss (Doc. 56). That motion was procedurally deficient in several respects, and the Court directed Plaintiffs to remedy the deficiencies. (Doc. 57.) On November 15, 2021, Plaintiffs filed an updated motion for leave to amend. (Docs. 58, 59.) Their proposed Second Amended Complaint, however, does nothing to cure the deficiencies in Plaintiffs' First Amended Complaint.

The Court has already denied Plaintiffs' motion to strike the agreed briefing schedule, and Defendant Regents of the University of Minnesota (named in the caption as "University of Minnesota" and "The Board of Regents of the University of Minnesota" and, hereinafter, "University") respectfully asks the Court to deny Plaintiffs' motion to amend in its entirety, because the proposed amendments are futile.

## BACKGROUND

On May 13, 2021, Plaintiffs Michael Sacks, Christopher Jensen, Brent Cary, Benjamin Cole, and Kelly Gee filed a Complaint against the University and three other defendants, Thomas Adrahtas, USA Hockey, Inc, and Amateur Hockey Association Illinois, Inc. (Doc. 1.) Defendant Thomas Adrahtas timely moved to dismiss Plaintiffs' Complaint on July 6, 2012. (Doc. 12.) Plaintiffs subsequently filed an Amended Complaint on July 23. (Doc. 25.) The parties agreed by stipulation to a briefing schedule on motions to dismiss to be filed by the defendants (Doc. 28), and the Court entered an order to that effect on August 17, 2021 (Doc. 30).

The briefing schedule provided that the defendants could file motions to dismiss the Amended Complaint by September 15, 2021. (*Id.*) The briefing schedule further set November 15 as the deadline for Plaintiffs' responsive briefing and December 6 as the deadline for reply briefs. (Doc. 30.) Finally, a hearing was set on the defendants' motions to dismiss for December 20. (*Id.*)

Each defendant timely filed a motion to dismiss. (Docs. 35, 40, 45, 50.) On November 2, 2021, Plaintiffs' counsel contacted the defendants' counsel seeking consent pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to file a Second Amended

Complaint because "[n]ew information has been brought to our attention from a potential witness and former friend of Mr. Adrahtas, along with more details that emerged regarding our Plaintiffs' various experiences." (Email from N. Economakos, Nov. 2, 2021 (Declaration of Carrie Ryan Gallia in Support of Defendant Regents of the University of Minnesota's Memorandum of Law in Opposition to Plaintiffs' Motion for Leave To File Second Amended Complaint ("Ryan Gallia Decl.") Exhibit A).) The following day, counsel for the University asked for the opportunity to review the proposed Second Amended Complaint. (Email from T. Pramas, Nov. 3, 2021 (Ryan Gallia Decl. Ex. A).)

  Plaintiffs' counsel circulated a proposed Second Amended Complaint the following week. (Email from N. Economakos, Nov. 10, 2021 (Ryan Gallia Decl. Ex. A).) The proposed amendment adds factual allegations about Adrahtas's conduct dating back to 1965, prior to his employment at the University, and that Plaintiffs in many instances repressed memories about their interactions with Adrahtas. (*See* Proposed Second Am. Compl. ¶¶ 15–30 (Doc. 59-1).) The proposed amendment also offers conclusory allegations that the University "conspired and engaged in efforts to conceal from the general public the sexual assaults committed by Defendant Adrahtas." (*Id.* ¶ 53.) After reviewing the proposed amendment, counsel for the University explained that the University did not consent to the filing of the Second Amended Complaint because "the proposed pleading does not cure the legal deficiencies of the claims directed at the University for those reasons identified in the University's pending Motion to Dismiss." (Email from T. Pramas, Nov. 11, 2021 (Ryan Gallia Decl. Ex. A).)

On November 12, 2021, Plaintiffs filed a motion for leave to file a Second Amended Complaint and to strike the parties' current briefing schedule. (Doc. 56.) They re-filed the motion on November 15, 2021, in a form that conforms with the Local Rules for the U.S. District Court for the District of Minnesota. (Docs. 58–61.) Also on November 15, the Court denied Plaintiffs' motion to strike the briefing schedule and set the motion to amend for hearing on December 20, 2021, when the motions to dismiss are set to be heard. (Doc. 62.)

## ARGUMENT

Plaintiffs propose an amendment that fails to cure any of the legal deficiencies identified and briefed in connection with the University's motion to dismiss Plaintiffs' First Amended Complaint. Plaintiffs allege irrelevant additional facts, and they withdraw certain claims, but they do not offer allegations that overcome the statute of limitations or substantive reasons why their pleading should not be dismissed for failure to state a claim. Therefore, the Court should (1) deny Plaintiffs' motion to amend, (2) dismiss with prejudice the claims that Plaintiffs withdraw in their proposed Second Amended Complaint, and (3) dismiss with prejudice this case against the University, as fully discussed in the University's forthcoming reply in support of its motion to dismiss.[1]

**I.    Legal Standard.**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court

---

[1] The University limits its discussion in this brief solely to the bases to deny Plaintiffs' proposed amendments and does not repeat or elaborate on the several valid bases to dismiss the case in its entirety.

should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[a] district court may appropriately deny leave to amend where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted). Where futility is raised as a basis for opposing proposed amendments to a complaint, the Court must determine whether the proposed claims state a claim for relief at this stage of the case. *See Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1015 (8th Cir. 2012) ("When the court denies leave to amend on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . ." (alteration and internal quotation marks omitted)). Thus, the question in determining whether to permit amendment is "whether the proposed amended complaint states a cause of action under the *Twombly* pleading standard." *Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010).

**II.  Because Plaintiffs' proposed Second Amended Complaint fails to state a claim upon which relief can be granted, their motion to amend should be denied as futile.**

Plaintiffs' proposed amendment is futile. Where futility is raised as a basis for opposing proposed amendments to a complaint, the Court must determine whether the proposed claims state a claim for relief at this stage of the case. *See Briscoe*, 690 F.3d at 1015. "Factual allegations must be enough to raise a right to relief above the speculative

5

level" and must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

At this stage of the case, Plaintiffs have had the benefit of extensive briefing on the deficiencies in their pleading by way of the defendants' motions to dismiss. Despite this briefing, and despite the fact that counsel for the University explained when declining to consent to the filing of the Second Amended Complaint that "the proposed pleading does not cure the legal deficiencies of the claims directed at the University for those reasons identified in the University's pending Motion to Dismiss" (Email from T. Pramas, Nov. 11, 2021 (Ryan Gallia Decl. Ex. A)), Plaintiffs proceeded to file the present motion to again amend their complaint, without making any attempt to address or remedy these identified shortcomings. Indeed, when Plaintiffs filed their memorandum in support of their motion for leave to amend, Plaintiffs *knew* the University opposed it because the proposed amendment did not cure any of the legal deficiencies identified in the motion to dismiss. Yet Plaintiffs did not even attempt to describe how their proposed amendments cured the pleading deficiencies. Accordingly, for the reasons articulated in the University's memorandum of law in support of its motion to dismiss (Doc. 52),[2] Plaintiffs' proposed amendment is futile because it fails to state a claim.

Specifically, the University asserts that Plaintiffs' claims are barred by the applicable statutes of limitations because the University's alleged wrongdoing occurred over 35 years ago. Plaintiffs assert three federal claims against the University, all of

---

[2] Once again, the University will not repeat those arguments here, but incorporates them by reference to the extent necessary.

6

which are subject to Minnesota's six-year statute of limitations. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618 (8th Cir. 1995). As with the First Amended Complaint, all alleged conduct took place "in or around 1985," well past the applicable six-year statute of limitations. (Doc. 59-1 ¶¶ 440, 444–48, 461, 470–73.)

The same shortcoming plagues Plaintiffs' state-law claims, although Plaintiffs notably propose dropping four of these claims in their proposed Second Amended Complaint: vicarious liability, express/implied agency, private nuisance (Minn. Stat. § 561.01), and intentional infliction of emotional distress. In light of Plaintiffs' affirmative proposal to withdraw these claims, the University asks that the Court dismiss them with prejudice.

Moreover, the proposed amendment does nothing to overcome the statutes of limitations that bar Plaintiffs' remaining state law claims. Nothing in the proposed amendment remedies the fact that Plaintiffs' negligence claims (Count IV (gross negligence), Count V (negligence), Count Six (negligent supervision), Count Seven (negligent failure to warn or protect), Count Nine (negligent failure to train or educate), Count Ten (negligent retention), and Count Eleven (negligent infliction of emotional distress)) are barred by Minnesota's six-year statute of limitations because all of the sexual assaults that they allege were caused by the University's negligence happened before 2003. *D.M.S. v. Barber*, 645 N.W.2d 383, 386 (Minn. 2012).[3]

---

[3] To be clear, Plaintiffs' arguments about the statute of limitations raised in their opposition to the University's motion to dismiss are unavailing and will be addressed in the University's reply. For purposes of this motion, however, Plaintiffs offer no

7

Plaintiffs' public nuisance claim is similarly barred by the six-year statute of limitations, which begins to run once the University "permit[ted] a condition which unreasonably . . . endanger[ed] the safety . . . of members of the public." Minn. Stat. § 609.74. Even dating the claim from the date of the latest alleged sexual assault in 2003, the statute of limitations has run. Finally, Plaintiffs' fraud claim is also subject to and barred by a six-year statute of limitations. Minn. Stat. § 541.05, subd. 1(6). Plaintiffs' claim appears to be premised on the idea that the University concealed information about the reasons for Adrahtas's resignation, which took place well more than six years before the commencement of this suit (as did all alleged sexual abuse). Therefore, as with the claims in the First Amended Complaint, the claims in the proposed amendment are barred by the statue of limitations, rendering the amendment futile.

Moreover, even aside from the statute of limitations issue, Plaintiffs' proposed Second Amended Complaint fails to state a claim upon which relief can be granted. With respect to their Title IX claim, Plaintiffs offer no allegations regarding the non-student plaintiffs to bring them within the class of persons who may bring a Title IX claim against the University. And with respect to the only two Plaintiffs who were ever University students, Plaintiffs now change their allegation to assert that they told the coach not only that the "visualization exercises" were a "waste of time," but also that they were being groped by Adrahtas. But Plaintiffs never allege any sexual harassment within a University program *after* they made their report. And without an allegation that

---

allegations in the proposed Second Amended Complaint that change that analysis in any way or rescue Plaintiffs' claims from the statute of limitations.

any Plaintiff suffered any sexual harassment within any University program at a time when the University had *prior knowledge* of sexual harassment, there cannot be a Title IX claim. *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1058–59 (8th Cir. 2017). In any event, as discussed above, the most significant legal deficiency on the Title IX claim is the decades-expired statute of limitations.

Further, nothing in the proposed amendment renders the University a "person" for the purposes of 42 U.S.C. § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989), and nothing can, so Counts Two and Three of the proposed Second Amended Complaint fail to state a claim.

Plaintiffs' remaining state law claims similarly are not saved by the allegations in the proposed amendment. Their negligence claims are premised on a duty the University owed Plaintiffs to prevent a third party—Adrahtas—from abusing them, but "Minnesota law follows the general common law rule that a person does not owe a duty of care to another—e.g., to aid, protect, or warn that person—if the harm is created by a third party's conduct." *Doe 169 v. Brandon*, 845 N.W.2d 174, 177–78 (Minn. 2014). The public nuisance claim in their proposed amendment is deficient in the same way as the claim in their First Amended Complaint; both allege that the University created a nuisance by concealing information about Adrahtas (*compare* Am. Compl. ¶ 456, *with* Proposed Second Am. Compl. ¶ 517), but both also allege that others knew of the allegations about Adrahtas regardless (*compare* Am. Compl. ¶¶ 342, 343, *with* Proposed Second Am. Compl. ¶¶ 342, 343).

Finally, the University notes that Plaintiffs' pleading, even in this third iteration, fails to plead fraud with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the Rule," which requires allegations of "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Ambassador Press, Inc. v. Durst Image Tech. U.S., L.L.C.*, 949 F.3d 417, 421 (8th Cir. 2020) (internal quotation marks and citations omitted). The proposed amendment offers only conclusory allegations devoid of the who, what, when, where, and why required of a successfully pleaded fraud claim. (*See* Proposed Second Am. Compl. ¶ 53 ("UMN conspired and engaged in efforts to conceal from the general public the sexual assaults committed by Defendant Adrahtas, and protected Defendant Adrahtas from criminal prosecution related to his sexual assaults in order to protect UMN's reputation.").) Therefore, the Court should deny Plaintiffs' motion to amend. *See Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 590–91 (8th Cir. 2018) (affirming the district court's denial of a motion to amend that failed to allege the circumstances of fraud with particularity).

Plaintiffs' proposed Second Amended Complaint fails to address either the statute of limitations or the merits-based reasons why their complaint must be dismissed. As such, Plaintiffs' proposed amendment is futile, and the Court should deny their motion to amend under Rule 15 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, the University respectfully asks the Court to deny Plaintiffs' motion to amend their Complaint, and to dismiss with prejudice Plaintiffs' claims against the University for vicarious liability (Count Six of the First Amended Complaint), express/implied agency (Count Seven), private nuisance pursuant to Minnesota Statutes § 561.01 (Count Ten), and intentional infliction of emotional distress (Count Fourteen).

Dated: November 22, 2021

DOUGLAS R. PETERSON
General Counsel
University of Minnesota


By:   /s/ Carrie Ryan Gallia
Timothy J. Pramas (#240321)
Senior Associate General Counsel
Carrie Ryan Gallia (#0390479)
Senior Associate General Counsel
Office of the General Counsel
360 McNamara Alumni Center
200 Oak Street SE
Minneapolis MN 55455-2006
(612) 624-4100


HUSCH BLACKWELL
Peter G. Land (IL#6229659)
*Admitted pro hac vice*
120 S. Riverside Plaza, Suite 2200
Chicago, IL 60606
(312) 655-1500
peter.land@huschblackwell.com

Michael T. Raupp (MO#65121)
*Admitted pro hac vice*
4801 Main Street, Suite 1000
Kansas City, MO 64112
(816) 983-8000
michael.raupp@huschblackwell.com

Attorneys for Defendants